IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HIMEBAUCH,<br><br>          Plaintiff,<br><br>     vs.<br><br>KAWEAH DELTA MEDICAL CENTER,<br><br>          Defendant._____/ | CASE NO. 12-CV-0587 LJO BAM<br><br>**ORDER DENYING MOTION FOR MEETING** (Doc. 3) |

    Plaintiffs James Himebauch and Paula Himebauch filed this action on April 16, 2012 and requested to proceed in forma pauperis ("IFP"). On April 19, 2012, plaintiffs filed a "motion for summons to meet with Judge," in which plaintiffs request a meeting with the Court so that the Court may provide guidance to plaintiffs as to how to proceed in this matter.

    The Court cannot provide plaintiffs with the requested guidance. Judges have no obligation to act as counsel or paralegal to pro se litigants. In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court stated that "[a] defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the

defendant that counsel would normally carry out"). It would be improper for the Court to provide assistance and guidance to plaintiffs in this action.

Plaintiffs' request for IFP is pending before the Court. An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 U.S.C. § 1915(a). The Court will address the IFP request in due course.

Once the Court addresses the IFP request, the Court then will screen the complaint. The Court is required to screen complaints seeking relief. "Notwithstanding any filing fee, or any portion thereof, that may have been paid," the Court shall dismiss a case at any time if it determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). Pursuant to Title 28 of the United States Code Section 1915(e)(2), the Court will review the complaint for sufficiency to state a claim. Until the Court screens the complaint, there is no action for plaintiff to take.

Accordingly, Plaintiff's Motion for a Meeting/Guidance is DENIED.

IT IS SO ORDERED.

Dated:   **April 23, 2012**            /s/ **Barbara A. McAuliffe**
                                              UNITED STATES MAGISTRATE JUDGE

2