IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HIMEBAUCH, | CASE NO. 12-CV-0587 LJO BAM |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** |
| vs. | |
| KAWEAH DELTA MEDICAL CENTER, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiffs James Himebauch and Paula Himebauch ("Plaintiffs"), proceeding pro se, filed this action on April 16, 2012 (Doc. 1) and requested to proceed in forma pauperis ("IFP") (Doc. 2). For the reasons that follow, Plaintiff's application is DENIED.

## II. DISCUSSION

**A.  Legal Standard**

An indigent party may be granted permission to proceed "in forma pauperis" upon submitting an affidavit showing his or her inability to pay the required fees. 28 USC § 1915(a). The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion. *California Men's Colony v. Rowland,* 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds.)

1

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe,* 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple,* 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.' *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989), (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (per curiam)). Many courts have held that petitioners with modest cash reserves are not paupers within the intendment of 28 U.S.C. § 1915(a) for the purpose of filing fees, initial service of process costs and the like. *Temple,* 586 F. Supp. at 850-51.

**B.      Plaintiffs Are Not Pauperis Under 28 U.S.C. § 1915(a)**

Plaintiffs made the following representations in their IFP Application: Mr. Himebauch, until January 31, 2012, was making approximately $12,000.00 a month as an independent contractor; Plaintiffs have a savings account containing approximately $15,000.00; Plaintiffs own a 2012 Toyota Sierra, and a 2012 Toyota Yaris; Mrs. Himebauch receives approximately $422.00 a month from Social Security benefits. (Doc. 2 at 2.)

Based on these representations, the Court finds that Plaintiffs are not entitled to proceed without prepayment of the $350.00 filing fee. Up until three months before Plaintiffs filed their complaint, Mr. Himebauch claimed to make approximately $144,000 a year. This, coupled with Plaintiffs' ownership of two 2012 make automobiles, cast doubt on their poverty status. Moreover, Plaintiffs' savings account containing $15,000, by itself, convinces this Court Plaintiffs have the financial ability to pay court costs without depriving themselves of the necessities of life. Accordingly, Plaintiffs are advised that in order to proceed with their action in this Court, he must

pay a filing fee of $350.00 (*see* 28 U.S.C. § 1914) no later than June 15, 2012.

As an aside, and assuming the necessary filing fee is paid, the Court will screen Plaintiff's complaint in due course.  Further, a summons will not be issued by the Clerk of the Court unless and until the filing fee has been paid *and* the complaint has been screened by the assigned magistrate judge and deemed appropriate for service.  Accordingly, Plaintiffs shall make no attempt to serve his complaint upon the named Defendant.  Plaintiffs are advised that the Court will dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  *See also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).

### III.  RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that:

1  Plaintiffs' Application to Proceed in forma pauperis be denied; and

2  Plaintiffs are required to submit the filing fee of $350.00 by June 15, 2012;

These findings and recommendations will be submitted to the Honorable Lawrence J. O'Neill pursuant to the provisions of Title 28 of the United States Code section 636(b)(l).  Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 31, 2012                   /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE